**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 6:21-cv-01289** |
| | § | |
| **v.** | § | |
| | § | |
| **VERIZON COMMUNICATIONS,** | § | **JURY TRIAL DEMANDED** |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Meetrix IP, LLC ("Meetrix" or "Plaintiff"), by and through its attorneys, for its Complaint against Verizon Communications, Inc. ("Verizon" or "Defendant"), hereby alleges as follows:

### I.    NATURE OF THE ACTION

1.    This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions.

2.     Meetrix is owner of all right, title, and interest in and to United States Patent No. 8,339,997 (the "'997 Patent"), issued December 25, 2012, for "Media Based-Collaboration Using Mixed-Mode PSTN and Internet Networks." A true and correct copy of the '997 Patent is attached hereto as **Exhibit A**.

3.    Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,094,525 (the "'525 Patent"), issued July 28, 2015, for "Audio-Video Multi-Participant Conference Systems Using PSTN and Internet Networks." A true and correct copy of the '525 Patent is attached hereto as **Exhibit B**.

4.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,253,332 (the "'332 Patent"), issued February 2, 2016, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '332 Patent is attached hereto as **Exhibit C**.

5.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,843,612 (the "'612 Patent"), issued December 12, 2017, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '612 Patent is attached hereto as **Exhibit D**.

6.      Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner, including its customers, who also directly infringe the '332 Patent, the '525 Patent, the '612 Patent and the '997 Patent (together, the "Patents-in-Suit").

7.      Plaintiff Meetrix seeks monetary damages and prejudgment interest for Defendant's infringement of the Patents-in-Suit.

## II.      THE PARTIES

8.      Plaintiff Meetrix IP, LLC is corporation organized and existing under the laws of the State of Texas.

9.      Defendant Verizon is a corporation organized under the laws of the State of Delaware and may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

COMPLAINT FOR PATENT INFRINGEMENT

### III.    JURISDICTION AND VENUE

10.    This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11.    This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum.  For example, Defendant has committed acts of infringement in this District, by among other things, offering to sell and selling products and services that infringe the asserted patents, including the accused devices and services as alleged herein.

12.    Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l (b), (c) and l400(b) because Defendant has committed acts within this judicial district giving rise to this action, and Defendant continues to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendant's customers in this District.

13.     Verizon has engaged in business activities, including transacting business in this District and purposefully directing its business activities, including the provision, use, marketing, sale or offer for sale of infringing videoconferencing services, such as "BlueJeans by Verizon's" [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth services in this District, and the sale or offer for sale of services and goods to this District to aid, abet, or contribute to the infringement of third parties in this District. For example, Verizon has various places of business within this District, including data centers such as the one located at 2525 Ridgepoint Drive,

Austin, Texas 78745, and numerous retail stores including the following examples in Waco:



**Source:** https://www.verizon.com/stores/city/texas/waco/.

14.     Verizon also maintains offices in this District at 10801 N MoPac Expressway, 3-500, Austin, Texas 78759 and 3815 S Capital of Texas Highway, 200, Austin, Texas 78704.

## IV.     THE PATENTS-IN-SUIT

15.     The Patents-in-Suit disclose systems and methods of audio-video conferencing collaboration.   Generally, the '332 Patent discloses converging a public switched telephone network ("PSTN") communication with audio-video communications, as well as collaboration data, using a secure data network.   Generally, the '525 Patent discloses converging a PSTN communication with audio-video communications over a data network.   Generally, the '612 Patent discloses converging a PSTN communication with audio-video communications by dialing out to the established PSTN connection using a secure data network.   Finally, the '997 Patent discloses the provisioning of multiple secured network communications using multicast technology with at least one PSTN communication.

COMPLAINT FOR PATENT INFRINGEMENT

16.     The Patents-in-Suit are directed to technological advancements in the area of telecommunications and network communications.  They overcome technical problems relating to the secure combination of disparate communication sources in a seamless and coordinated manner.

17.     Meetrix has obtained all substantial right and interest to the Patents-in-Suit, including the right to recover for all past and future infringements thereof.

### V.      DEFENDANT'S ACTS

18.     Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing devices, including video conferencing products and services.  Such devices and services include, but are not limited to, BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth and other substantially similar products and services.

19.     Based on information and belief, Defendant's infringing devices and services enable multi-participant audio/video conference calls over the Internet.  In simplest terms BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth facilitate online meetings, allowing users to connect via disparate formats, including a phone or computer, to share collaboration data over a secured private connection over the Internet.

20.     Specifically, with respect to claim 1 of the '332 Patent, '525 Patent, and '612 Patent, BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth allow a participant (*e.g.* phone participant) to participate and connect to an online meeting over a PSTN connection (*e.g.* "land line," cell phone, *etc.*).  Such a participant can then talk with a second participant (*e.g.* moderator or host) who may be connected using a different form of audio (and/or video) communication, such as VoIP or web conferencing communications. It allows a third participant (*e.g.* remote user) to connect to the conference over a private secure data network connection using a data network for audio/video communications and to share

collaboration data (*e.g.* electronic presentation, electronic documents, *etc.*) with the other participants.

21.     Verizon's accused products combine different forms of communication such that the remote user can communicate with the phone participant (using PSTN) as well as the moderator communicating over a secure data network connection.  Likewise, the system enables the phone participant to hear both the moderator and the remote audio communications by mixing the different audio signals.  In this regard, the accused products infringe at least claim 1 of the '332 Patent, '525 Patent and '612 Patent.

22.     Specifically, with regard to claim 1 of the '332 Patent, performance of all the steps are performed or attributable to Defendant, directly.  For example, as taught by claim 1 of the '332 Patent, BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth a) receive audio data from a PSTN network (*e.g.* when a participant dials in via phone), b) receive audio data from a moderator (*e.g.* VoIP call), c) receive audio, video and collaboration data from a remote client (*e.g.* web camera and screen sharing) via a VPN tunnel (as explained below), d) mix the first two audio data, e) transmit that mix to the remote user, f) mix the audio data from a moderator with that from the remote client, and g) transmit that mix to the PSTN

participant.

23.     Defendant highlights the features of its infringing products:



**Source:** Verizon Solution Brief, available at:

https://www.verizon.com/business/resources/factsheets/2021/bluejeans/bluejeans-by-verizon-solution-brief.pdf

24.     Verizon is integrating BlueJeans products into its legacy products. "Besides complementing Verizon's mobile-first business solutions, like One Talk, BlueJeans products will also be deeply integrated into Verizon's current and future 5G product roadmap."

COMPLAINT FOR PATENT INFRINGEMENT

https://www.bluejeans.com/blog/bluejeans-a-verizon-company.



**Source:** https://www.verizon.com/business/products/voice-collaboration/conferencing/bluejeans/#features-and-benefits



**Source:**  https://www.bluejeans.com/products/meetings/video-conferencing-interoperability

COMPLAINT FOR PATENT INFRINGEMENT



**Source**:  https://support.bluejeans.com/s/article/Joining-Events-as-PSTN-Attendee



**Source**:  https://support.bluejeans.com/s/article/Dialing-into-a-meeting-from-a-Desk-Telephone

COMPLAINT FOR PATENT INFRINGEMENT

**Better audio**
Innovative technology from Dolby engineered into the BlueJeans Cloud
suppresses background noise, maintains consistent volume across soft and loud
talkers, and makes dialog easier to understand.

**Better collaboration**
Spatial audio presents each person's voice from a distinct location, so everyone
hears as if they were together in the same room, making it easier to focus on the
content of the conversation.

**Better communication**
Everyone can be heard, even when voices overlap, so participation is easier,
dialogue flows without delays, and work gets done.

**Source**: https://www.bluejeans.com/products/meetings/dolby-voice



**Source:** https://fast.wistia.net/embed/channel/6ktseqf0zs?wchannelid=6ktseqf0zs&wmediaid=6x
cnlbhuq6

COMPLAINT FOR PATENT INFRINGEMENT

- BlueJeans delivers secure meetings through encryption using standards-based protocols including SIP, SRTP, TLS and H.323, ensuring the highest levels of confidentiality and security for all your business communications, regardless of hardware environment. Video, audio and content in transit is encrypted using AES-128 encryption. Recordings are stored in secure containers in the cloud. These videos are encrypted at rest (using AES-256) and are only accessible to the recording originator.

- All user accounts are secured using Authentication and Authorization. BlueJeans supports username/password and SSO using SAML 2.0 for utilizing the Enterprise's IDP. All web traffic is over TLS 1.2. Passwords are stored as SHA-256 salted hashes. BlueJeans supports role-based authorization. An administrator can manage the Enterprise account by setting policies and managing users.

**Source:** [https://www.bluejeans.com/blog/bluejeans-commitment-providing-secure-video-conferencing-experience](https://www.bluejeans.com/blog/bluejeans-commitment-providing-secure-video-conferencing-experience)

25.     Moreover, because BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth can initiate a dial-out process to establish a connection with a PSTN client, they further infringe claim 1 of the '612 Patent.

26.     Additionally, BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth allow several online participants to connect to a conference by sending a message (*e.g.* invitation) to a group of multicast appliances (*e.g.* remote computers). Each participant is connected to the online conference using a private secure connection.  The system is able to facilitate a telephonic participant who dials in, provides a conference ID and is then authenticated.  Once authenticated, the telephonic participant is able to communicate with the other online participants who are connected over a data network.  In this regard, BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth infringe at least claim 1 of the '997 Patent.

27.     Based on information and belief, Defendant Verizon has had knowledge of the Patents-in-Suit at least as early as the service of this Complaint or in the alternative was willfully blind of same.

28.     With knowledge of the Patents-in-Suit, Defendant intentionally provides services

and instructions for the installation and infringing operation of infringing products and services (including, by way of example, the resources and materials available as cited in source information *supra* to the customers of its products), who directly infringe through the operation of those products and services.

29.     Through its actions, Defendant has infringed the Patents-in-Suit and actively promotes others to infringe the Patents-in-Suit throughout the United States, including by customers within the Western District of Texas.  On information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth and other similar infringing products and services, in a manner as described above.  Defendant specifies that the infringing products operate in an infringing manner by providing manuals and customer support related to its infringing products.  Defendant's customers directly infringe the Patents-in-Suit by following Defendant's instructions and technical support to operate BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth and other similar infringing products and services.  Further, Defendant provides products, software, and hardware components specially configured to operate in an infringing manner, and Defendant's customers use Defendant's configurations to operate Defendant's products in an infringing manner.

30.     Defendant, with knowledge of the Patents-in-Suit, contribute to the infringement of the Patents-in-Suit, by having its direct and indirect customers sell, offer for sale, use, or import BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms and Telehealth, as well as all other substantially similar products and services, with knowledge that such products and services infringe the Patents-in-Suit.  On information and belief, Defendant's accused devices

COMPLAINT FOR PATENT INFRINGEMENT

and services are especially made or adapted for infringing the Patents-in-Suit and have no substantially non-infringing uses.  For example, Defendant's products and services contain the functionality to specifically allow a participant to connect to an online conference using a PSTN and communicate with other participants with data connections over a secured connection– functionality which is material to practicing the Patents-in-Suit.  Based on information and belief, this functionality has no substantially non-infringing uses.

31.     Meetrix has been damaged and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO.  8,339,997

32.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-31.

33.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '997 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '997 Patent.  Defendant is thus liable for direct infringement of the '997 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms, and Telehealth.

34.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including actively inducing infringement of the '997 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more

COMPLAINT FOR PATENT INFRINGEMENT

claims of the '997 Patent.  Defendant instructs its customers to make and use the patented inventions of the '997 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN communication, as set forth above.

35.     Upon information and belief, Defendant has jointly infringed the '997 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

36.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including contributorily infringing the '997 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell, a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '997 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN

COMPLAINT FOR PATENT INFRINGEMENT

communication, as set forth above.

37.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

**COUNT TWO**
**PATENT INFRINGEMENT—U.S. PATENT NO.  9,094,525**

38.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-37.

39.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '525 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '525 Patent.  Defendant is thus liable for direct infringement of the '525 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms, and Telehealth.

40.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including actively inducing infringement of the '525 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '525 Patent.  Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide a converged public switched telephone network and audio-video

communications over a data network, as set forth above.

41.     Upon information and belief, Defendant has jointly infringed the '525 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

42.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including contributorily infringing the '525 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

43.     Defendant's aforementioned acts have caused damage to Meetrix and will continue

COMPLAINT FOR PATENT INFRINGEMENT

to do so.

## COUNT THREE
### PATENT INFRINGEMENT—U.S. PATENT NO. 9,253,332

44.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1–43.

45.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '332 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '332 Patent.  Defendant is thus liable for direct infringement of the '332 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms, and Telehealth.

46.     On information and belief, at least since its receipt of actual and constructive notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including actively inducing infringement of the '332 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '332 Patent.  Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products and services in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

47.     Upon information and belief, Defendant has jointly infringed the '332 Patent,

COMPLAINT FOR PATENT INFRINGEMENT

including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

48.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including contributorily infringing the '332 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and by which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

49.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

**COUNT FOUR**
**PATENT INFRINGEMENT—U.S. PATENT NO.  9,843,612**

50.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-49.

51.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '612 Patent, as infringement is defined by 35 U.S.C. § 271(a), including

through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '612 Patent.  Defendant is thus liable for direct infringement of the '612 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include BlueJeans by Verizon [Virtual] Meetings, Webinars/Events, Connected Rooms, and Telehealth.

52.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '612 Patent, including actively inducing infringement of the '612 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '612 Patent.  Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

53.     Upon information and belief, Defendant has jointly infringed the '612 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint

COMPLAINT FOR PATENT INFRINGEMENT

enterprise such that performance of every step is attributable to Defendant.

54.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '612 Patent, including contributorily infringing the '612 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell, a component of a product, or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, by which Defendant is aware or knows to be especially made or especially adapted for use in an infringement of such.  Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

55.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## VI.    JURY DEMAND

56.     Plaintiff Meetrix hereby demands a jury on all issues so triable.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Meetrix respectfully requests that the Court:

A.     Enter judgment that Defendant infringes one or more claims of the Patents-in-Suit literally and/or under the doctrine of equivalents;

B.     Award Plaintiff Meetrix past and future damages together with prejudgment and post-judgment interest to compensate for the

COMPLAINT FOR PATENT INFRINGEMENT

infringement by Defendant of Patents-in-Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284; and

C.    Award Plaintiff Meetrix its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated:  December 10, 2021                Respectfully submitted,

By: /s/ *Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
**DiNovo Price LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2631
Facsimile:  (512) 539-2627

John D. Saba, Jr.
Texas State Bar No. 24037415
john@wittliffcutter.com
**Wittliff Cutter PLLC**
1209 Nueces
Austin, Texas 78701
Telephone: (512) 960-4388
Facsimile: (512) 960-4869

COMPLAINT FOR PATENT INFRINGEMENT